UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES LEE DEWEY, III,

    Plaintiff,

v.                                           CAUSE NO. 1:24-CV-527 DRL-SJF

RODRIGUEZ and POEPPEL,

    Defendants.

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint that the court determined contained unrelated claims. ECF 1, ECF 9. He was given the opportunity to decide on which related claims he wished to proceed. ECF 9. He chose to proceed on the claims against Officer Rodgriguez and Officer Poeppel and to dismiss Nurse Kali. ECF 24. The court, therefore, will dismiss Nurse Kali as improperly joined and proceed to screen the remaining claims as required by 28 U.S.C. § 1915A to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

Mr. Dewey alleges he was granted a medical diet at the Allen County Jail because of food allergies and intolerances. But when he was housed on F Block from May 14-17, 2024, he was not served medically appropriate food on three of those days—May 14, 15,

and 16. In one instance, a tray arrived with bread and cake, both of which Mr. Dewey could not eat because they contained gluten. Mr. Dewey alleges he told Officer Redriguez, who worked the afternoon shift, but the officer refused to contact the kitchen and correct the error. The same thing happened on the morning shift with Officer Poeppel. Mr. Dewey says he was forced to choose between eating medically inadequate food or not eating at all. The lack of food caused him hunger, stress, anxiety, and depression.

As a pretrial detainee, Mr. Dewey is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Among other things, detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). In determining whether the denial of food rises to the level of a constitutional violation, "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). The occasional missed meal does not pose a constitutional concern. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). But the allegations of several missed meals over a three-day period is sufficient to allow an inference that Mr. Dewey was deprived of adequate nutrition.

To state a claim against an individual defendant for a Fourteenth Amendment violation, a pretrial detainee must allege the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], [] though reasonable officers

under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. Appx. 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether an action or condition is reasonable or whether it amounts to punishment, courts consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," so allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. Here, Mr. Dewey has plausibly alleged that Officer Rodriguez and Officer Poeppel acted unreasonably by not correcting the improper meals over a three-day period.

For these reasons, the court:

(1) DISMISSES Nurse Kali WITHOUT PREJUDICE under Fed. R. Civ. P. 21 as improperly joined;

(2) GRANTS Charles Lee Dewey III leave to proceed against Officer Rodriguez and Officer Poeppel in their individual capacities for compensatory and punitive damages for acting unreasonably when they failed to replace medically inappropriate food on several occasions from May 14-16, 2024, resulting in inadequate nutrition in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Rodriguez and Officer Poeppel at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Rodriguez and Officer Poeppel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 7, 2025                        *s/ Damon R. Leichty*
                                        Judge, United States District Court